IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRITT JARIEL HAMMONS,**

        Petitioner,

v.                                      **Civil Action No. 5:23-CV-138**
                                                  Judge Bailey

**MS. S. BROWN, ET AL,**

        Respondent.

## ORDER DISMISSING PETITION

On April 10, 2023, the *pro se* petitioner, Britt Jarriel Hammons ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate who is housed at USP Hazelton in Bruceton Mills, West Virginia, and is challenging the legality of his conviction and sentence from the Western District of Oklahoma. For the reasons that follow, the petition will be dismissed.

Petitioner raises four grounds challenging his conviction and sentence. First, petitioner contends his conviction and sentence are unlawful following the Supreme Court's decision in ***Rehaif v. United States***, 139 S.Ct. 2191 (2019). Petitioner argues that at the time of his conviction, he did not know that the Government had to prove that he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing a firearm. Second, petitioner argues that the United States Constitution and the Constitution of the State of Oklahoma guarantee that he can possess a firearm. Third, petitioner contends that the Supreme Court has ruled that the language of 18 U.S.C. § 924(e) is unconstitutional in ***Wooden v. United States***, 142 S.Ct. 1063

1

(2022). He further contends that he was erroneously sentenced as an Armed Career Criminal. Fourth, petitioner contends that he is actually innocent following the Supreme Court's decision in **Kanter v. Barr**, 919 F.3d 437 (7th Cir. 2019). Petitioner argues that based on this case, American citizens with felony records are part of "the people" covered by the plain text of the Second Amendment. **Kanter** is a now-overruled Seventh Circuit decision; however, based on the petitioner's argument, as well as the date he provides for the **Kanter** decision, it appears likely that petitioner intended to cite to the Supreme Court's decision in **New York State Rifle & Pistol Association, Inc. v. Bruen**, 142 S.Ct. 2111 (2022), a decision in which the Supreme Court found that the Second Amendment protects an individuals right to carry a handgun for self-defense outside the home. For relief, petitioner requests that the Court vacate his sentence.

This Court possesses the authority to screen petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See **Erickson v. Pardus**, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v.**

***Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. ***Fontanez v. O'Brien***, 807 F.3d 84, 85 (4th Cir. 2015).

Second or successive motions under § 2255 are only permitted when based on "newly discovered evidence," § 2255(h)(1) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2). While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "saving clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Until recently, several courts, including the Fourth Circuit, had held that § 2255 was "inadequate or ineffective" when a prisoner sought relief based on a new interpretation of a criminal statute subsequent to petitioner's trial, appeal, and first § 2255 motion.[1] However, the Supreme Court recently held that "Section 2255(e)'s saving clause does not authorize that end-run around [Antiterrorism and Effective Death Penalty Act of 1996]." ***Jones v. Hendrix***, 143 S. Ct.

---

[1] See ***In re Jones***, 226 F.3d 328, 333–34 (4th Cir. 2000) to challenge conviction; and ***United States v. Wheeler***, 886 F.3d 415, 428 (4th Cir. 2018) to challenge sentence.

3

1857, 1860 (2023). Instead, the saving clause is limited to "unusual circumstances in which it is impossible or impracticable for the prisoner to seek relief from the sentencing court." *Id*. at 1866. Absent these unusual circumstances, a petitioner is not permitted to proceed with challenges to his conviction or sentence under § 2241. See *Id*. at 1869 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. **It means that he cannot bring it at all.** Congress has chosen finality over error correction in his case.") (emphasis added); see also **Hall v. Hudgins**, No. 22-6208, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (unpublished) (per curiam) (following **Jones**, a petitioner cannot use § 2241 to bring a successive collateral attack on the validity of his sentence).

Petitioner has not shown that it is impossible or impracticable to present his claims to his sentencing court. Accordingly, petitioner cannot present his claims in a § 2241 petition, and this Court is without jurisdiction to entertain his claims. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Accordingly, the Petition [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

DATED: July 31, 2023.

*[signature]*

**JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE**